O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**  IN CHAMBERS (No Proceedings Held)

Before the Court is defendant Best Buy Co., Inc.'s ("Defendant") motion to dismiss plaintiff Vellata, LLC's ("Plaintiff") first amended complaint ("FAC") for failure to state a claim as it pertains to Defendant. For the reasons discussed below, the Court DENIES the motion.[1]

**I.   BACKGROUND**

On September 9, 2010, Plaintiff filed its initial complaint, in which it alleged defendants Best Buy Co., Inc., Lands' End Inc., All Aboard Travel, Inc., Travel Leaders Group LLC, and Vocational Training Institute, Inc. each infringed two valid and enforceable patents owned by Plaintiff: Patent No. 7,240,290 (the "'290 Patent") and Patent No. 7,496,858 (the "'858 Patent").[2] After Defendant met and conferred with Plaintiff regarding perceived deficiencies in Plaintiff's complaint, Plaintiff filed its FAC on November 12, 2010. The FAC named as defendants Best Buy Co., Inc., Lands' End Inc., and Vocational Training Institute, Inc.[3] After another meet and confer session,

---

[1] Docket No. 35.

[2] On November 4, 2010, Plaintiff dismissed without prejudice defendants All Aboard Travel, Inc. and Travel Leaders Group LLC. Docket No. 20.

[3] On December 6, 2010, Plaintiff dismissed with prejudice Lands' End Inc. Docket No. 34. The other remaining defendant, Vocational Training Institute, Inc., filed an answer to the FAC on November 29, 2010. Docket No. 30.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

Defendant filed the instant motion.

The '290 Patent and the '858 Patent are both entitled "Telephone Call Initiation Through an On-line Search" and, according to Plaintiff, the two patents "describe and claim marketing systems through which a user accessing a web page conducts an online search on a merchant's web page and ultimately a telephone call is initiated between a merchant and the user." Opposition ("Opp.") p. 4.

The '858 Patent has one independent claim, with limitations including "receiving ad purchase data from a merchant over a network, the ad purchase data including an ad display condition, ad content information, and merchant information" and "preparing a search response including . . . instructions for triggering a multi-leg phone call between the merchant and the search requester". '858 Patent, claim 1, attached as Ex. B to FAC.

The '290 Patent has six independent claims. Claims 11, 21, and 51 have limitations similar to the '858 Patent, including "receiving ad purchase data from a merchant over a network, the ad purchase data including . . . a merchant phone number" and "preparing a search response including . . . instructions for triggering a multi-leg phone call with the merchant phone number . . . ." '290 Patent, claims 11, 21, 51, attached as Ex. A to FAC. The remaining three independent claims, 1, 21, and 41, include limitations requiring actions to be performed by a user executing a search, or by the user's computing device, such as "the computing device receiving user entry of a search request" and "the computing device recognizing user activation of the dial link". *Id.* at claim 1.

As relevant to Best Buy, the allegations in the FAC state:

> 19. Best Buy owns and operates an advertising and marketing information web site at bestbuy.com. When a user conducts an online search at bestbuy.com for products that Best Buy sells, the systems and methods cause a search to be made using bestbuy.com. The systems and methods generate responsive hit lists of products that pertain to the user's search. The bestbuy.com web page includes a "Click To Talk" hyperlink within or adjacent to Best Buy's

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

        product listing. Clicking on the hyperlink causes a telephone call to be initiated between Best Buy and the user's designated phone. Accordingly, Best Buy's actions infringe at least one of the claims of the '290 patent.

20. Best Buy displays products made by many different vendors. Upon information and belief, these vendors provide information to Best Buy to include when the products are displayed on Best Buy's website. When a user conducts an online search at bestbuy.com for products that Best Buy sells, the system and methods cause a search to be made using bestbuy.com. Upon information and belief, many of the products displayed in the resulting hit list are products from various vendors wherein the vendors may have provided the information shown to the user. The bestbuy.com web page includes a "Click To Talk" hyperlink within or adjacent to Best Buy's product listing. Clicking on the hyperlink causes a telephone call to be initiated between Best Buy and the user's designated phone. Accordingly, Best Buy's actions infringe at least one of the claims of the '858 patent.

21. Through the aforementioned website, Best Buy has been and now is directly infringing the '290 and '858 Patents.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

## III. ANALYSIS

Defendant argues Plaintiff fails to state a claim for direct infringement of the '858 Patent's single independent claim and any of '290 Patent's six independent claims. Defendant argues Plaintiff fails to state a claim as to the '858 Patent's single claim and claims 11, 31, and 51 of the '290 Patent because the FAC does not allege any system or methods trigger a phone call between a merchant (*i.e.*, a "vendor") from whom Defendant receives "ad purchase data" and a "search requester" (*i.e.*, "a user conduct[ing] an online search at bestbuy.com"). Instead, the FAC alleges that "the system and methods . . . . causes a telephone call to be initiated between Best Buy and the user's designated phone." FAC ¶¶ 19, 20 (emphasis added).

Defendant argues Plaintiff fails to state a claim for direct infringement by Defendant as to claims 1, 21, and 41 of the '290 Patent because these claims include limitations requiring actions to be performed by a user executing a search, or by the user's computing device. "Direct infringement requires a party to perform or use each and every step or element of a claimed method or product." *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). "[W]here the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party . . . ." *Muniauction v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008). Here, Defendant argues, the FAC does not contain any allegations that Defendant performs, directs, or controls actions such as "executing a search".

Plaintiff, in its Opposition, first argues that Defendant's motion is improper because a finding of infringement requires the Court first to construe the claims via a "*Markman*" hearing. Opp. p. 6. This argument is unavailing. Defendant's motion challenges only the facial sufficiency of Plaintiff's pleadings. In order to decide Defendant's motion, the Court need not (and does not) make any factual findings regarding the scope and meaning of the patent claims or a determination as to infringement or non-infringement.

Next, Plaintiff argues the FAC contains *more* detailed allegations than Plaintiff is actually obliged to provide. Opp. pp. 6-7. In support, it relies primarily on *McZeal*, a

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

case Defendant also cites. 501 F.3d 1354 (Fed. Cir. 2007). In *McZeal*, the Federal Circuit held that the plaintiff "met the low bar for *pro se* litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)" by alleging that "[t]he defendant's INTERNATIONAL WALKIE TALKIE machine physically have [sic] or perform *all of the basic elements contained in the patent claims* of the plaintiff . . . ." *Id.* at 1357 (emphasis added) (noting that the sample complaint for patent infringement set forth in Fed. R. Civ. P. Form 16 includes only "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'").[4] Further, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. . . . Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *Id.*

/ / /

/ / /

/ / /

---

[4]Here, of course, Plaintiff is not *pro se* and the Court does not grant Plaintiff the "leeway on procedural matters, such as pleading requirements" that it certainly would were Plaintiff not represented by counsel. *Id.* at 1356.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6752 AHM (RCx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | VELLATA, LLC v. BEST BUY CO., INC., et al. | | |

     A claim for direct infringement must state only: (1) ownership of the allegedly infringed patent; (2) the infringer's name; (3) a citation to the patent; (4) the infringing activity; and (5) citations to the applicable federal patent law. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Here, Plaintiff alleges it owns the patents (FAC ¶ 16), it identifies the infringer (FAC ¶ 21), it cites to the patents (FAC ¶¶ 14, 15), it alleges the infringing activity (FAC ¶¶ 19-21), and it cites to the applicable federal patent law (FAC ¶ 45). Nothing more is required. It is true that the FAC does not allege the infringing activity to the extent that it details each element of at least one of the claims of Patent '290 or '858, but it need not do so. *McZeal*, 501 F.3d at 1357. Defendant's argument that Plaintiff has failed to include a statement alleging bestbuy.com has or performs "all of the basic elements contained in the patent claims" is unavailing. The FAC includes factual allegations sufficient for the Court to reasonably infer Defendant directly infringed Patent '290 and/or Patent '858, and there is no question that the FAC gives the Defendant fair notice of the claims asserted against it and the grounds upon which they rest. More specific information will be readily available via discovery.

## IV. CONCLUSION

     Based on the foregoing, the Court DENIES the motion to dismiss.

     No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

                                                                                                 :

Initials of Preparer          SMO